IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIE EARL HARRIS, | ) | 8:14CV199 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROLOFF CONSTRUCTION, Co., | ) | |
| ENVIRONMENTAL PROTECTION | ) | |
| AGENCY, CITY OF OMAHA, | ) | |
| OSHA, and PRIVATE | ) | |
| CONTRACTED WORKERS, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Willie Earl Harris ("Harris" or "Plaintiff") filed his Complaint (Filing No. 1) in this matter on July 3, 2014. Harris filed a motion seeking leave to amend his Complaint on August 21, 2014 (Filing No. 6). The court has given Harris leave to proceed in forma pauperis in this matter (Filing No. 5). The court must now conduct an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). However, the court will first address Plaintiff's request for leave to amend his Complaint.

## I. MOTION TO AMEND

Harris seeks leave to amend his Complaint to add the City of Omaha Planning Department and its planners as additional defendants in this matter. (Filing No. 6 at CM/ECF p. 1.) In accordance with NECivR 15.1(b), the court will consider Plaintiff's Motion to Amend as supplemental to his original Complaint, and direct the clerk's office to update the court's records to reflect that the City of Omaha Planning Department and its planners are also defendants in this matter. *See* NECivR 15.1(b) (stating that in pro se cases, the court may consider an amended pleading as supplemental to the original pleading, rather than as superseding).

## II. SUMMARY OF COMPLAINT

Harris has sued the Roloff Construction Company, the Environmental Protection Agency ("EPA"), the City of Omaha Planning Department and its "planners," the City of Omaha, OSHA,[1] and "private contracted workers." Harris alleges the City of Omaha, Roloff Construction Company, the EPA, OSHA, and private contracted workers placed sandbags in front of the sewers near his residence during a thunderstorm. This action "blocked the drains," which resulted in Plaintiff's home being flooded. (Filing No. 1 at CM/ECF pp. 1-2.) As relief, Harris asks that his home be repaired, that he be reimbursed for the cost of his "lost belongings," and that he be awarded "clean up costs." (Filing No. 1 at CM/ECF p. 5.)

## III. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is

---

[1] Plaintiff does not define OSHA in his submissions. The court assumes OSHA refers to the Occupational Safety and Health Administration. *See* PL 91-596, Dec. 29, 1970, 84 Stat. 1590.

appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## IV. DISCUSSION OF CLAIMS

### A. Claims Against OSHA and EPA

"'[S]overeign immunity shields the Federal Government and its agencies from suit.'" *Mader v. U.S.*, 654 F.3d 794, 797 (8th Cir. 2011) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994)). "If Congress so chooses, however, it may waive the United States's sovereign immunity and 'prescribe the terms and conditions on which [the United States] consents to be sued, and the manner in which the suit shall be conducted.'" *Id.* (quoting *Beers v. State*, 61 U.S. (20 How.) 527, 529 (1857)).

The Federal Tort Claims Act ("FTCA") is a limited waiver of the United States's sovereign immunity that "permit[s] persons injured by federal-employee tortfeasors to sue the United States for damages in federal district court." *Id.* Section 2675(a) of the FTCA provides that:

> "[a]n [FTCA] action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." The Supreme Court has recognized that "[t]he most natural reading of [§ 2675(a)] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."

*Mader*, 654 F.3d at 797 (quoting *McNeil v. United States*, 508 U.S. 106, 112 (1993)).

3

Liberally construed, Harris alleges in his Complaint that the federal-agency defendants acted negligently when they placed sandbags in front of the sewers near his home, which resulted in the destruction of his property. Harris specifically provides that he has *not* exhausted his administrative remedies. (*See* Filing No. 1 at CM/ECF p. 5.) Because Harris has not complied with the administrative requirements of the FTCA prior to filing this action, this court lacks subject matter jurisdiction over his claims against the EPA and OSHA. Accordingly, the court will dismiss his claims against the EPA and OSHA without prejudice to reassertion after compliance with the FTCA administrative procedures.

**B.     Claims Against the City of Omaha**

Harris named the City of Omaha and the City of Omaha Planning Department (and its "planners") as Defendants in this matter. The court construes a suit against the City of Omaha Planning Department as being a suit against the City of Omaha, Nebraska. Further, the court construes a suit against the "planners" as being a suit against City of Omaha employees in their official capacities, which is also a suit against the City of Omaha, Nebraska. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[O]nly an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. . . . Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer.").

At best, Harris may have stated a state-law claim for negligence in his Complaint. Even if the court were to construe the Complaint as an action brought pursuant to 42 U.S.C. § 1983, as a municipal defendant, the City of Omaha may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By & Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694

4

(1978))). Here, Harris has neither alleged the existence of a policy or custom, nor the deprivation of a federal right.

Out of an abundance of caution, the court will permit Harris 30 days in which to amend his Complaint to sufficiently allege a federal claim against the City of Omaha. Any amended complaint must restate the allegations of the prior Complaint and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Harris fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without further notice.

**C.     Claims Against Private Actors**

Harris has sued the Roloff Construction Company and also "[p]rivate contracted workers." However, aside from these defendants' names appearing in the caption of the Complaint (*see* Filing No. 1 at CM/ECF p. 1), Harris has provided no indication of what these defendants did or how they are related to the named state and federal agency defendants.

The court will permit Harris 30 days in which to file an amended complaint that sufficiently describes his claims against Roloff Construction Company and the "[p]rivate contracted workers." Plaintiff should be mindful to explain what these defendants did to him, when the defendants did it, how the defendants' actions harmed him, and what specific legal right he believes the defendants violated. If Harris fails to file an amended complaint in accordance with this Memorandum and Order, his claims will be dismissed without further notice. Accordingly,

5

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Amend (Filing No. 6) is granted. The clerk's office is directed to update the court's records to add "Omaha Planning Department" and "Omaha Planning Department Planners" as Defendants in this matter.

2. Plaintiff shall have 30 days from the date of this Memorandum and Order to amend his Complaint to clearly state a claim upon which relief may be granted against Roloff Construction Company, the City of Omaha, OSHA, and "private contracted workers" in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, his claims against Defendants will be dismissed without further notice.

3. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on October 15, 2014.

4. Plaintiff's claims against OSHA and the EPA are dismissed without prejudice to reassertion after compliance with the FTCA administrative procedures.

DATED this 15th day of September, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.