IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIE EARL HARRIS, | ) | 8:14CV199 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROLOFF CONSTRUCTION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on its own motion. Plaintiff filed a Complaint (Filing No. 1) in this matter on July 3, 2014. He alleged Roloff Construction Company, the Environmental Protection Agency ("EPA"), the City of Omaha Planning Department and its "planners," the City of Omaha, the Occupational Safety and Health Administration ("OSHA"), and "private contracted workers" placed sandbags in front of the sewers near his residence. Defendants' actions "blocked the drains," which resulted in Plaintiff's home being flooded. (Filing No. 1 at CM/ECF pp. 1-2.)

    On September 15, 2014, the court conducted an initial review of Plaintiff's Complaint. With respect to Plaintiff's claims against the City of Omaha, the court determined, at best, Plaintiff had stated a state-law claim for negligence. The court further found that even if the court were to construe the Complaint as an action brought pursuant to 42 U.S.C. § 1983, Plaintiff had not alleged the existence of a policy or custom or the deprivation of a federal right. In addition, the court determined it lacked subject matter jurisdiction over Plaintiff's claims against the EPA and OSHA because Plaintiff did not exhaust his administrative remedies with those agencies. Accordingly, the court dismissed Plaintiff's claims against OSHA and the EPA. Finally, the court determined Plaintiff failed to sufficiently describe his claims against Roloff Construction and "private contracted workers." On the court's own motion, the court gave Plaintiff 30 days in which to file an amended complaint that

clearly stated a claim upon which relief could be granted.

Plaintiff filed an Amended Complaint (Filing No. 8) on October 3, 2014. Plaintiff's Amended Complaint merely reasserted the facts set forth in the original Complaint (i.e., Defendants' negligent actions caused flooding to Plaintiff's home). Again, Plaintiff failed to plead any actionable federal law claim. Rather, Plaintiff appears to be attempting to bring a straightforward state-law negligence claim (as opposed to a § 1983 claim) over which this court has no subject matter jurisdiction because there is no "federal question" and no "diversity of citizenship." *See* 28 U.S.C. §§ 1331, 1332. For these reasons and for the reasons discussed in the court's Memorandum and Order dated September 15, 2014, this matter will be dismissed.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice to reassertion in the proper forum.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 9th day of December, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.